**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**HARTFORD FIRE INSURANCE
COMPANY,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　**Civil Action File No.**

**MEDLINE INDUSTRIES, INC. and
AVANOS MEDICAL, INC., F/K/A
HALYARD HEALTH, INC.**

       **Defendants.**

_____

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u><br><u>AND DEMAND FOR JURY TRIAL</u>

Plaintiff Hartford Fire Insurance Company ("Hartford"), by and through its undersigned attorneys, for its Complaint for Declaratory Judgment against Defendants Medline Industries, Inc. ("Medline") and Avanos Medical, Inc. ("Avanos"), formerly known as Halyard Health, Inc. ("Halyard") states and alleges as follows:

### <u>Nature of the Action</u>

1.　　This is an action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. Hartford seeks a determination of the parties' rights, duties, and

obligations under certain commercial general liability insurance policies issued by Hartford to Medline.

## Parties

2.      Plaintiff Hartford Fire Insurance Company is a corporation organized and existing pursuant to the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

3.      Defendant Medline is a corporation organized and existing pursuant to the laws of the State of Illinois, with its principal place of business in Illinois.

4.      Defendant Avanos is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Georgia.

## Jurisdiction and Venue

5.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and because it is a dispute between citizens of different states.

6.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, because Defendant is subject to the Court's personal jurisdiction in this judicial district, and because the underlying lawsuit for which Medline seeks insurance coverage is currently pending in this judicial district.

## THE UNDERLYING LAWSUIT AGAINST MEDLINE

7.      On June 5, 2017, Medline sued Halyard in this Court, asserting claims for false advertising ("Medline Complaint").

8.      On March 28, 2018, in response to Medline's Second Amended Complaint in the Underlying Lawsuit (attached hereto as Exhibit A), Halyard filed a Counterclaim against Medline (attached hereto as Exhibit B), asserting claims for false advertising under the Lanham Act, Violation of the Georgia Deceptive Trade Practices Act, and Common Law Unfair Competition ("Counterclaim") (the litigation commenced by the Medline Complaint and in which the Counterclaim was filed is referred to as the "Underlying Lawsuit").

9.      Medline now seeks defense and indemnification against the Counterclaim under its commercial liability insurance policies issued by Hartford.

10.     The Counterclaim alleges that Medline is a privately held manufacturer and distributor of medical supplies, including surgical gowns. Among the products allegedly offered by Medline are its "Prevention Plus" gowns.

11.     The Counterclaim further alleges that Halyard also manufactures surgical gowns, including its "MicroCool" and "Aero Chrome" gowns.

12.     The Counterclaim further alleges that Medline also markets and sells the Halyard gowns.

13.     According to the Counterclaim, the Association for the Advancement of Medical Instrumentation ("AAMI") adopted a rating standard for surgical gowns that was accepted by the U.S. Food and Drug Administration ("FDA"). The relevant AAMI standard allegedly set forth a four-level classification system for surgical gowns ranging from Level 1 to Level 4. Allegedly, higher-level gowns (*i.e.*, Level 4) incorporate the most protective standard and are indicated for use in higher-fluid surgical procedures.

14.     The Counterclaim further alleges the FDA cleared Halyard's MicroCool and Aero Chrome gowns for a Level 4 classification, and Halyard labeled, marketed, and advertised those gowns in accordance with that clearance.

15.     On the other hand, the Counterclaim alleges, Medline's Prevention Plus gowns have not received clearance by the FDA to be marketed as Level 4 gowns under the AAMI Standards.

16.     The Counterclaim further alleges that Medline has engaged in false and misleading advertising by claiming that its Prevention Plus gowns meet the AAMI Level 4 standard, when in fact they allegedly do not.

17.     The Counterclaim further alleges that Medline's favorable comparison of its Prevention Plus gowns with actual Level 4 gowns (including Halyard's MicroCool and Aero Chrome gowns, as well as certain Level 4 gowns

manufactured by Medline itself), has misled customers into purchasing Prevention Plus gowns based upon the mistaken belief that they were compliant with the AAMI Level 4 standard.

18.     Medline's alleged misleading advertising, according to the Counterclaim, has resulted in increased sales of Medline's Prevention Plus gowns, while hindering sales of Halyard's MicroCool and Aero Chrome Gowns and damaging the reputation and goodwill of Halyard.

19.     The Counterclaim further alleges that Medline is aware that customers have been misled by its false advertising yet has done nothing to correct the misimpression.

20.     The Counterclaim seeks damages and/or lost profits as a result of Medline's alleged false advertising, along with statutory enhanced damages, attorney fees and costs based on Medline's alleged intentional and willful violation of the Lanham Act.

21.     The Counterclaim also seeks preliminary and permanent injunctive relief prohibiting Medline from stating or implying that its Prevention Plus gowns provide the "highest level of all-over protection;" from making false or misleading statements that Medline's Prevention Plus gowns provide protection equivalent or

superior to AAMI Level 4 gowns, including Halyard's MicroCool Gowns and Aero Chrome Gowns; and from otherwise unfairly competing with Halyard.

## THE HARTFORD POLICIES

22.    Hartford issued to Medline Commercial General Liability Policy No. 83C D75206 for policy period 07/01/12 – 07/01/13 and renewed annually through 07/01/18 under the same policy number ("Hartford Policies" or "Policies"). (The 07/01/12 – 07/01/13 Policy is attached hereto as Exhibit C; the 07/01/13 – 07/01/14 Policy is attached hereto as Exhibit D; the 07/01/14 – 07/01/15 Policy is attached hereto as Exhibit E; the 07/01/15 – 07/01/16 Policy is attached hereto as Exhibit F; the 07/01/16 – 07/01/17 Policy is attached hereto as Exhibit G; the 07/01/17 – 07/01/18 Policy is attached hereto as Exhibit H). General liability coverage under all of the Policies is written on Form HG 00 01 06 05, and each Policy is subject to a $1,000,000.00 Personal and Advertising Injury Limit of insurance and a $2,000,000.00 General Aggregate Limit of insurance.

23.    The Policies provide in pertinent part as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \*

## SECTION I – COVERAGES

\* \* \*

6

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.  **Insuring Agreement**

    a.  We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.  But:

        (1)  The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        (2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

* * *

2.  **Exclusions**

    This insurance does not apply to:

    a.  **Knowing Violation of Rights of Another**

"Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

**b.** **Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.** **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

\* \* \*

**g.** **Quality Or Performance Of Goods — Failure To Conform To         Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

\* \* \*

## SECTION V — DEFINITIONS

\* \* \*

**17.** "Personal and advertising Injury" means injury, including consequential "bodily     injury", arising out of one or more of the following offenses:

8

\* \* \*

**d**.    Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

\* \* \*

24.    The Policies are also amended by a Restriction of Coverage Endorsement, contained at Form HC 24 63 12 10 in the Policy in effect for the 07/01/12 – 07/01/13 policy period and at Form HC 24 63 10 10 contained in the Policies in effect for the 07/01/13 – 07/01/18 policy periods.  The Exclusion and Redefinition of Products-Completed Operations Hazard, Your Product, and Your Work provision in the Endorsements states in relevant part as follows:

## RESTRICTION OF COVERAGE

**A.**    **Exclusion and Redefinition of Products-Completed Operations Hazard, Your Product, and Your Work**

This insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to "bodily injury" or "property damage" arising out of, included within or in way related to the "products-completed operations hazard".

For purposes of this exclusion, the definitions of "products-completed operations hazard", "your product" and "your work" in the Definitions section are replaced by the following:

**1**.    "Products-completed operations hazard" includes any injury or damage arising out of or in any way related to:

9

\* \* \*

**b**.   Any trial, design, evaluation, demonstration or testing whether provided by physicians or others including, but not limited to, clinical trials of "your product" or "your work" including, but not limited to the evaluation or testing of drugs, cosmetics, chemical or biological agents, pharmaceuticals, medical devices, surgical devices or dental devices on human, animal or other subjects for any purpose whatsoever;

**c**.   An error, omission, defect or deficiency in:

    \* \* \*

    (2)   Any evaluation or consultation or advice given by or on behalf of any insured;

**d**.   The reporting of or reliance upon any test performed or any evaluation, consultation or advice given by or on behalf of any insured;

\* \* \*

**f**.   Violations of any intellectual property rights including but not limited to patent, trademark or service mark, trade name, trade secret or other designation of origin or authenticity in any way related to "your product" or "your work", or the work or product of others.

**2**.   "Your product"

**a**.   means:

    **(1)**   Any goods or products, other than real property, designed, tested, studied,

evaluated, manufactured, sold, handled, distributed or disposed of by you or on your behalf, …

\* \* \*

**b**.    includes:

**(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product";

**(2)**    Consultation or advice given at any time with respect to the design, fitness, quality, durability, performance or use of "your product";

\* \* \*

25.    The Restriction of Coverage Endorsements also contain a Health Care Services Exclusion. The Exclusion in the 07/01/12 – 07/01/13 Policy states:

**B.    Health Care Services Exclusion**

**1**.    The following exclusion is added to this Coverage Part:

This insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to "bodily injury", "property damage" or "personal and advertising injury" arising out of or in any way related to:

**a**.    Medical, surgical, dental or x-ray service, treatment, products, advice or instruction;

**b**.    Any health or therapeutic service, treatment, product, advice or instruction;

11

      **c**.     The furnishing or dispensing of drugs or medical, dental or surgical supplies, products or appliances;

\* \* \*

26.    Paragraphs **1.a.** and **1.b.** in the Health Care Services Exclusion contained in the 07/01/13 – 07/01/18 Policies are substantially similar to that contained in the 07/01/12 – 07/01/13 Policy except that the words "product" and "products" are deleted. Additionally, Paragraph **1.c.** in the 07/01/13 – 07/01/18 Policies reads:

      **c**.     Use, furnishing or dispensing of drugs or medical, dental or surgical devices, equipment, supplies, products or appliances.

## COUNT I

## DECLARATORY JUDGMENT

27.    Hartford re-alleges and incorporates herein all allegations in the preceding paragraphs in this Complaint.

28.    An actual controversy exists between Hartford and Medline with respect to the availability of coverage under the Hartford Policies for the allegations and claims asserted against Medline in the Underlying Lawsuit.

29.    Based on the foregoing, Hartford respectfully requests the Court declare that Hartford has no duty to defend or indemnify Medline under the Hartford Policies against the claims in the Underlying Lawsuit.

12

30.     Declaratory relief will resolve the dispute between Hartford and Medline regarding insurance coverage under the Hartford Policies for the claims asserted in the Underlying Lawsuit.

31.     Pursuant to the Uniform Declaratory Judgment Act, 28 US.C. §§ 2201 and 2202, Hartford respectfully requests that the Court declare the following:

a.      That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit because the Counterclaim does not allege a covered "personal and advertising injury" offense under the Hartford Policies.

b.      That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit because the allegations in the Counterclaim are excluded by Exclusion 2.g., the Quality Or Performance Of Goods — Failure To Conform To Statements exclusion under the Hartford Policies.

c.      That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit because the allegations in the Counterclaim are excluded by Exclusion 2.b., the Material Published With Knowledge Of Falsity exclusion under the Hartford Policies.

d.      That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit because the allegations in the Counterclaim are excluded by the Health Care Services Exclusion in the Restriction of Coverage Endorsements in the Hartford Policies.

e.      That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit because the allegations in the Counterclaim are excluded by the Redefinition of Products-Completed Operations Hazard, Your Product and Your Work Provision in the Restriction of Coverage Endorsements in the Hartford Policies.

13

f.  That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit to the extent that the allegations in the Counterclaim are excluded by Exclusion 2.c., the Material Published Prior To Policy Period exclusion under the Hartford Policies.

g.  That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit to the extent that the allegations in the Counterclaim are excluded by Exclusion 2.a., the Knowing Violation of Rights of Another exclusion under the Hartford Policies.

h.  That Hartford has no duty to defend or indemnify Medline in the Underlying Lawsuit to the extent that the Counterclaim does not seek covered damages and/or to the extent that applicable law prohibits coverage for any alleged enhanced damages or profits.

i.  That coverage under the Hartford Policies is or may be precluded, excluded or limited by virtue of other provisions, exclusions, definitions, terms, conditions, limitations, including applicable limits of liability, deductibles, self-insured retentions, and other insurance provisions or limitations contained in the Hartford Policies.

j.  That to the extent that any of the Hartford policies provide coverage for the allegations in the Counterclaim and that there is any other insurance available during the Hartford Policy periods, Hartford is entitled to contractual and/or common law contribution, subrogation, and/or indemnification from any other insurer whose policies also provide coverage during the Hartford Policy periods.

k.  That if Hartford has a duty to defend, Hartford is only obligated to pay defense counsel the normal hourly rate that Hartford pays to other counsel with similar experience who represent its insureds in similar cases.

## **PRAYER FOR RELIEF**

WHEREFORE, Hartford requests judgment in its favor as follows:

1.     For a declaration that Hartford has no duty to defend Medline under the Hartford Policies against the claims in the Underlying Lawsuit;

2.      For a declaration that Hartford has no duty to indemnify Medline under the Hartford Policies against the claims in the Underlying Lawsuit;

3.     For all costs and disbursements incurred herein in pursuing this action; and

4.     For any other relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, Hartford demands a jury trial and hereby provides notice to Defendant of such.

Dated:  September 10, 2018.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ John C. Bonnie*
John C. Bonnie
Georgia Bar No. 067540

*Attorneys for Plaintiff Hartford Fire Insurance Company*

3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
404-876-2700 – telephone
jbonnie@wwhgd.com